# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| DAVID OPPENHEIMER, <br> *Plaintiff* <br><br> v. <br><br> RYAN KYLE DEISS, JASON JON BURKLE, THOMAS LITCHFIELD, STARTUP JUNGLE, LLC, AND DIGITAL MARKETER LABS, LLC D/B/A STARTUP JUNGLE, <br> *Defendants* | § § § § § § § § § <br><br> Case No. A-19-CV-423-LY |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
    UNITED STATES DISTRICT JUDGE

Before this Court are Defendants Ryan Kyle Deiss, Jason Jon Burkle, and Thomas Litchfield's Rule 12(b)(6) Motion to Dismiss, filed July 22, 2019 (Dkt. No. 13), and Plaintiff's Response, filed on August 5, 2019 (Dkt. No. 15). Defendants did not file a Reply. On August 7, 2019, the District Court referred the above motion to the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I.    BACKGROUND

Plaintiff David Oppenheimer ("Plaintiff") is a professional photographer who sells and licenses his photographs on his website www.performanceimpressions.com. At issue in this case is one of Plaintiff's copyrighted photographs, titled "Travel and Event Photography from December 2013 by David Oppenheimer," which depicts a small portion of Times Square and several skyscrapers

of the New York City Skyline. Exh. 11-1 (the "Photograph").[1] Plaintiff contends that the Photograph "prominently displayed his CMI [copyright management information] in the caption and with a watermark, as well as embedded in the metadata of the Work." Dkt. No. 11 at ¶ 13.

Plaintiff alleges that in April 2017, he discovered that the Photograph was being published and displayed without his authorization, license, or knowledge on the website startupjungle.com. On April 16, 2019, Plaintiff filed this copyright infringement lawsuit under the Copyright Act, 17 U.S.C. § 106, against the owner of the website, Startup Jungle, LLC ("Startup Jungle"), and its parent company Digital Marketer Labs, LLC d/b/a Startup Jungle ("Digital Marketer") (together, "Corporate Defendants"), as well as corporate officers Ryan Kyle Deiss, Jason Jon Burkle, and Thomas Litchfield ("Individual Defendants"). Plaintiff's First Amended Complaint alleges reckless/willful and non-willful copyright infringement against all Defendants, and vicarious and contributory copyright infringement against the Individual Defendants.

On July 22, 2019, the Individual Defendants filed the instant Motion to Dismiss, arguing that Plaintiff's vicarious and contributory copyright infringement claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff's allegations are conclusory and threadbare.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). The Supreme Court has explained that a

---

[1] On January 13, 2014, Plaintiff registered the Photograph with the United States Copyright Office and was given Copyright Registration Number VA 1-157-006. Dkt. No. 11-2.

complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Id.* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### III. ANALYSIS

There are two types of copyright infringement: direct and secondary. *BWP Media USA, Inc. v. T & S Software Assocs., Inc.*, 852 F.3d 436, 439 (5th Cir.), *cert. denied*, 138 S. Ct. 236 (2017). Direct copyright infringement applies when an actor personally engages in infringing conduct. *See Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417, 433 (1984). Secondary liability, by contrast, is a means of holding defendants responsible for infringement by third parties, even when the defendants "have not themselves engaged in the infringing activity." *Id.* at 435. It applies when a defendant "intentionally induc[es] or encourag[es]" infringing acts by others or profits from such acts "while declining to exercise a right to stop or limit [them]." *Metro–Goldwyn–Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005). While Plaintiff has

alleged both direct and secondary copyright infringement in this case, the Individual Defendants seek to dismiss only Plaintiff's secondary infringement claims.

### A. Vicarious Infringement

Under a vicarious theory of liability for copyright infringement, a corporate officer may be held vicariously liable if (1) the officer "profits directly from the infringement," and (2) "has a right and ability to supervise the direct infringer, even if the defendant initially lacks knowledge of the infringement." *Grokster*, 545 U.S. at 931 n.9.

In support of his vicarious copyright infringement claim, Plaintiff alleges that the Individual Defendants were managing officers of both Startup Jungle and Digital Marketer, and that they had a financial stake in the companies. Dkt. No. 11 at ¶ 27. Plaintiff further alleges that the Individual Defendants "provided hands-on decision making with respect to the activities of the companies, making most or all of the decisions." *Id.* at ¶ 28. Plaintiff further states that the Individual Defendants "had the right and ability to supervise and/or control the infringing conduct of Startup Jungle and/or Digital Marketer, and/or to stop the infringements once they began." *Id.* Plaintiff also alleges that the Individual Defendants "as the founders, directors, and/or managing members of the companies – had obvious and direct financial interests in the infringing activities of Startup Jungle and Digital Marketer." *Id.* As Plaintiff points out, "[a]t the very least, the infringement saved the Individual Defendants the cost of additional licensing fees." Dkt. No. 15 at 9.

The Court finds that Plaintiff has alleged sufficient facts to support a plausible claim of vicarious copyright infringement against the Individual Defendants in this case. *See Stross v. PR Advisors, LLC*, 2019 WL 5697225, at * 2 (N.D. Tex. Oct. 31, 2019) (holding that plaintiff alleged sufficient facts at Rule 12(b)(6) stage to support vicarious infringement claim where plaintiff alleged that defendant had a direct financial interest in the use of the infringing photo on the

website and had supervision over the website); *Suncoast Post-Tension, Ltd. v. Scoppa*, 2014 WL 12596472, at *5 (S.D. Tex. July 17, 2014) (finding that plaintiff alleged sufficient facts to support vicarious infringement claim against corporate officer where plaintiff alleged defendant benefited from infringement and had directed the infringement). "The inquiry on a Rule 12(b)(6) motion to dismiss is whether the plaintiff has *pleaded*, not proven, these necessary elements." *Stross*, 2019 WL 5697225, at *2 (internal citation omitted). While the exact extent and nature of the Individual Defendants' role in the alleged infringement are questions for discovery, the Court finds that Plaintiff has pleaded sufficient facts to support his vicarious copyright infringement claim at the motion to dismiss stage.

**B. Contributory Infringement**

In the alternative to his vicarious liability claim, Plaintiff's First Amended Complaint alleges that the Individual Defendants are liable to Plaintiff for contributory copyright infringement. "A party is liable for contributory infringement when it, with knowledge of the infringing activity, induces, causes or materially contributes to infringing conduct of another." *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 790 (5th Cir. 1999) (citation and internal quotation marks omitted).

In support of his contributory copyright claim, Plaintiff alleges that the Individual Defendants "intentionally induced, encouraged, caused, enabled, facilitated, and/or materially contributed to the infringements complained of herein by directly and/or indirectly promoting the infringements, and/or have refused to exercise their right and/or ability to stop the infringements after they began." Dkt. No. 11 at ¶ 31. Plaintiff also alleges that the Individual Defendants "provided hands-on decision making with respect to the activities of the companies, set and controlled the companies' policies and protocols, and established corporate rules and cultures which encouraged the infringing activities." *Id.* at ¶ 32. Additionally, Plaintiff alleges that the Individual Defendants "had

5

the right and ability to supervise and/or control the infringing conduct of Startup Jungle and/or Digital Marketer, and/or to stop the infringements once they began, but either directly refused to exercise such rights or chose to remain willfully blind to the infringing activities while creating a work environment that encouraged and enabled the same." *Id.*

The Court finds that Plaintiff has alleged sufficient facts to allege a plausible claim of contributory copyright infringement, which is all that is required at the motion to dismiss stage. *See Suncoast Post-Tension*, 2014 WL 12596472, at *5 (finding that plaintiff alleged enough facts to support contributory negligence claim and noting that defendant was incorrect that plaintiff had to plead "specific actions of corporate officers to establish a claim of personal liability for contributory infringement negligence").

### C. Implausible Argument

Last, the Individual Defendants argue that Plaintiff's contributory and vicarious infringement claims should be dismissed as "implausible" because Plaintiff also asserts a direct infringement claim, contending that they cannot be "both direct infringers and contributory or vicarious infringers." Dkt. No. 13 at p. 12. Plaintiff clearly pleads alternative theories of recovery in the First Amended Complaint. *See* Dkt. No. 11 at ¶¶ 22 and 31 (using the word "alternatively"). It is well established that the Federal Rules of Civil Procedure allow a plaintiff to plead alternative theories of recovery, even if those theories are inconsistent or are based on inconsistent allegations of fact. FED. R. CIV. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency."); *see also Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 674 (5th Cir. 2003) ("Plaintiffs are permitted to plead in the alternative."); *Brechbill v. Home Invest LLC*, 2018 WL 4384297, at *15 (N.D. Ill. Sept. 14, 2018) (noting that plaintiffs are entitled to plead different theories of relief in the alternative in copyright infringement case); 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1283 (3d ed. 2019) ("The present

6

practice under Rule 8(d)(2) permits a party to seek inconsistent remedies in a claim for relief without being required to elect between them at the pleading stage of the litigation."). Accordingly, the Individual Defendants' argument is meritless.

### D. Conclusion

Based on the foregoing, the Court finds that Plaintiff has plausibly alleged claims for vicarious and contributory copyright infringement against the Individual Defendants. Accordingly, the Motion to Dismiss should be denied.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **DENY** Defendants Ryan Kyle Deiss, Jason Jon Burkle, and Thomas Lichfield's Rule 12(b)(6) Motion to Dismiss (Dkt. No. 13).

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Lee Yeakel.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C.

§ 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on December 3, 2019.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE